UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:10-cr-00440-ECR-LRL |
| Plaintiff, | ORDER |
| vs. | |
| NELSON OSEMWENGIE, | |
| Defendant. | |

Pursuant to our order (#29) filed on September 22, 2011, Defendant has filed an amended motion to enforce judgment (#30). The Government has filed a response (#31) to the motion. No additional briefing is permitted by our order (#29).

The amended motion in the beginning argues that the Bureau of Prisons ex parte arbitrarily increased the sentence of incarceration of Defendant that we imposed in the Judgment and Commitment Order (#25) of a total of 64 months by 11 months to a total of 75 months. However, near the conclusion of the motion Defendant requests this Court to amend the judgment and commitment order to indicate a recommendation to the Bureau of Prisons that Defendant receive credit for time served against the sentence we imposed, or to reduce the sentence by 11 months for time served, i.e., from 64 months to 53 months. We take the latter as the intent of the motion.

As we indicated in our previous order (#29), this Court can only recommend a reduction in sentence for time served, the decision to grant such credit is up to the Bureau of Prisons. In our previous order, we also called attention to the fact that if Defendant was receiving credit for time served against other federal sentences while awaiting sentencing here, it is unlikely he would be entitled to credit against the sentencing we imposed.

Under Fed.R.Crim.P. 36, this Court retains jurisdiction to correct an error in the record arising from oversight or omission. Our failure to provide a recommendation in the Judgment and Commitment Order that Defendant receive credit for time served could, in the circumstances, be deemed an error arising from oversight or omission. As we indicated in our previous order, we frequently include a recommendation of credit for rime served in such judgments. The present motion (#30) calls our attention to such an omission. Our examination of the transcript of the sentencing proceeding for this case indicates that a recommendation for credit for time served is appropriate.

The issue of whether Defendant has exhausted administrative remedies is moot. If this motion (#30) seeks to direct the Bureau of Prisons to calculate or compute Defendant's sentence in some particular way or other, such motion would have to be directed to the District of Arizona pursuant to 28 U.S.C. § 2241 and would require exhaustion of administrative remedies before the § 2241 remedy could be sought. We note the record appears to indicate that Defendant has not exhausted his administrative remedies as required by the Bureau of Prisons regulations. However, we need not decide that issue here.

Whether the present motion is appropriate as contrasted with a § 2241 writ depends on what Defendant seeks. If Defendant seeks to direct the Bureau of Prisons to calculate his sentence in some particular manner or other, the avenue of the § 2241 writ is required. If on the other hand, Defendant seeks to correct the sentence imposed by this Court, a motion pursuant to Fed.R.Crim.P. 36 is

appropriate. We treat the present motion (#30) as one brought under Rule 36 to correct Defendant's sentence due to omission. Obviously the title of the motion (#30) is a misnomer.

IT IS THEREFORE ORDERED that Defendant's motion (#30) is GRANTED on the basis set forth below.

IT IS FURTHER ORDERED that the Judgment and Commitment Order (#25) entered on June 17, 2011, is hereby corrected and amended to add the following language:

> The Court recommends to the Bureau of Prisons that Defendant receive credit for time served in connection with this case to the extent he does not receive credit for such time served against any other federal sentence.

Dated this 21st day of October 2011.

_____
EDWARD C. REED, JR.
United States District Judge