UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>NELSON OSEMWENGIE,<br><br>Defendant. | Case No. 2:10-cr-00440-MMD-VCF<br><br>ORDER |

**I. INTRODUCTION**

Before the Court is Nelson Osemwengie's ("Osemwengie") Motion for Certificate of Appealability. (Dkt. no. 60.) The Court has also reviewed Osemwengie's Addendum to Motion for Certificate of Appealability, the government's Opposition to Osemwengie's Motion and Addendum and Osemwengie's reply. (Dkt. nos. 64, 65 & 66.)

The Court previously denied Osemwengie's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentences by a Person in Federal Custody ("Motion to Vacate"). (Order, dkt. no. 55; Amended Order, dkt. no. 56.) The Court's Order is silent on the issue of certificate of appealability. Osemwengie then filed his present Motion for Certificate of Appealability.

The relevant factual procedural background is presented in the Order granting the Motion to Vacate. (Dkt. no. 56.)

**II. DISCUSSION**

Before Osemwengie can appeal the Court's decision to deny his Motion to Vacate, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir.

2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington,* 653 F.3d at 1059 (*quoting* 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Moreover, a "petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *Washington*, 653 F.3d at 1059.

While Osemwengie seeks a certificate of appealability, he also essentially asks the Court to reconsider its denial of his request to vacate. Osemwengie reiterates some of the same grounds raised in his Motion to Vacate to request that the Court amend the judgment to give him credit for the 11 months of time served before he was sentenced in this case. However, the Court reached its decision after a thorough review of the record and consideration of the arguments raised in the Motion to Vacate. The Court is not persuaded to reconsider its Order.

In addition, Osemwengie raises, for the first time, the claim of ineffective assistance of counsel in connection with the change of plea hearing. He claims that he was coerced by counsel into signing the plea agreement given to him about five minutes before the change of plea hearing. The agreement contained terms different from the representation that counsel had made – that counsel would be able to argue for a below guideline sentence of 46 months. Because this ground was not presented in Osemwengie's Motion to Vacate, Osemwengie's request constitutes a second motion under 18 U.S.C. § 2255 to vacate. *See United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011) (finding that a motion to reopen under rule governing relief from judgment based on a claim for relief that was wholly unrelated to the claims adjudicated in the first motion to vacate under § 2255 must be treated as an unauthorized successive motion). Accordingly, Osemwengie cannot raise his new ground – that he was coerced by counsel into signing the plea agreement – without seeking precertification from the

Ninth Circuit Court of Appeals to file a successive motion. *See* 28 § 2255(h); *Buenrostro*, 638 F.3d at 723.

However, even assuming this additional claim is related to the grounds raised in the Motion to Vacate, and the Court may consider it under Fed. R. Civ. P. 60(b), the Court does not find any merits to the claim. A review of the rough transcript of the change of plea hearing shows that The Honorable Edward Reed thoroughly canvassed counsel for Osemwengie, counsel for the government, and Osemwengie about the terms of the plea agreement, including the applicable sentencing range under the Sentencing Guidelines and the fact that it was not clear yet whether the court would impose a sentence that would run concurrent or consecutive to any other sentence. At his counsel's request, Osemwengie was given time during the hearing to privately consult with his counsel before entering his guilty plea. Moreover, Osemwengie represented to the court that (1) it was his decision to plead guilty, (2) no one had forced him to enter into the plea agreement, (3) no one had promised him a particular sentence, and (4) he had the full opportunity to review the plea agreement with his attorney before signing it.

In his Motion to Vacate, Osemwengie sought to vacate or correct his sentence under section 2255 on two grounds of ineffective assistance of counsel: (1) counsel failed to understand the relevant law and how the law related to his case because counsel did not ask for 11 months of credit for pre-trial detention; and (2) counsel failed to properly advise him with respect to the two pre-plea offers which, had he accepted, would have resulted in his receiving credit for the pre-trial detention. Although the Court denied Osemwengie's Motion to Vacate, a reasonable jurist may find these two issues debatable and resolve them differently. Accordingly, the Court grants Osemwengie's Motion for Certificate of Appealability as to these two issues.

///

///

///

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the Motion for Certificate of Appealability (dkt. no. 60) is GRANTED.

DATED THIS 4th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE